

**U.S. Department of Justice**
United States Attorney
District of New Jersey

---

Mark J. Pesce
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2793
Mark.Pesce@usdoj.gov

November 4, 2021

**Via E-mail**

Joel Cohen, Esq.
jcesq99@gmail.com

Re:   *Plea Agreement with Da Ying Sze, a/k/a "David"*

Dear Mr. Cohen:

This letter sets forth the plea agreement between your client, Da Ying Sze, a/k/a "David" ("Sze" or the "Defendant") and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer will expire on **November 26, 2021**, if a fully-executed copy of this agreement is not received by this Office on or before that date.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from the Defendant to a three-count Information. Count One charges the Defendant with knowingly and intentionally conspiring to engage in monetary transactions in property derived from specified unlawful activity, contrary to 18 U.S.C. § 1957, in violation of 18 U.S.C. §§ 1956(h) and 2. Count Two charges the Defendant with knowingly and intentionally operating and aiding and abetting the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), 1960(b)(1)(A), 1960(b)(1)(B), 1960(b)(1)(C), and 2. Count Three charges the Defendant with corruptly giving, offering, or promising anything of value to any person, with intent to influence or reward an officer, director, employee, agent, or attorney of a financial institution in connection with any business or transaction of such institution, in violation of 18 U.S.C. § 215(a)(1).

If the Defendant enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the Defendant for money laundering, operation of an unlicensed money transmitting business, bank bribery, structuring, or conspiracy to do the same from in or around 2016 through in or around 2021.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the Defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the Defendant may be commenced against him, notwithstanding the expiration of the limitations period after the Defendant signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1956(h) to which the Defendant agrees to plead guilty in Count One carries a statutory maximum prison sentence of 10 years and a maximum fine of the greater of: (1) $250,000 or (2) twice the amount of the criminally derived property involved in the transactions. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1960 to which the Defendant agrees to plead guilty in Count Two carries a statutory maximum prison sentence of 5 years and a maximum fine of the greater of: (1) $250,000 or (2) twice the amount of the criminally derived property involved in the transactions. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 215 to which the Defendant agrees to plead guilty in Count Three carries a statutory maximum prison sentence of 30 years and a maximum fine of the greater of: (1) $1,000,000 or (2) three times the value of the thing given, offered, promised, solicited, demanded, accepted, or agreed to be accepted. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence the Defendant ultimately will receive.

Further, in addition to imposing any other penalty on the Defendant, the sentencing judge: (1) will order the Defendant to pay an assessment of $100 per count ($300 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order the Defendant to pay restitution pursuant to 18 U.S.C. § 3663, et seq.; (3) must order forfeiture

pursuant to 18 U.S.C. § 982(a)(1); and (4) may order the Defendant, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offenses.

In addition, pursuant to 18 U.S.C. § 3583, the sentencing judge may require the Defendant to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should the Defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the Defendant may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the Defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of the Defendant activities and relevant conduct with respect to this case.

Stipulations

This Office and the Defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the Defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and

3

authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and the Defendant waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

The Defendant agrees that, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(1), he will forfeit to the United States, any and all property involved in, or traceable to, the violations of 18 U.S.C. §§ 1956(h) and 1960 charged in the Information. The Defendant further agrees to forfeit all of his right, title and interest in the sums of money and property listed below (collectively, the "Specific Property"), which were seized by law enforcement during the investigation into the Defendant, and which the Defendant admits has the requisite nexus to the offenses charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(1):

a. $3,622,313.53 in cash, seized from Sze and co-conspirators on or about May 7, 2021 in or around Queens, New York;

b. $245,000 in official checks, which were seized from Sze on or about May 7, 2021 in or around Queens, New York;

c. $24,854.87 in money orders, which were seized from Sze on or about May 7, 2021 in or around Queens, New York;

d. One white 2015 Lexus LX 570, which was seized from Sze on or about May 7, 2021 in or around Queens, New York; and

e. The contents of the following bank accounts:

    1. Bank of America account number ********2798;

    2. Royal Business Bank account number ****2321;

    3. Royal Business Bank account number ******7326;

    4. Amerasia Bank account number ****0782;

    5.     Amerasia Bank account number ****5384;

    6.     Amerasia Bank account number ****2253;

    7.     Citibank account number ******8007;

    8.     Citibank account number ******3816;

    9.     Citibank account number ******3824;

    10.    Citibank account number ******8424;

    11.    Citibank account number ******8432;

    12.    JP Morgan Chase account number *****0106;

    13.    Capital One Bank account number ******3333; and

    14.    Capital One Bank account number ******5528.

       The Defendant further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981(a). The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent the Defendant has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. The Defendant further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

       The Defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the Defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. The Defendant understands that criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the

Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The Defendant hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

The Defendant further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If the Defendant fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that the Defendant has intentionally failed to disclose assets on his Financial Disclosure Statement, the Defendant agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

The Defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The Defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The Defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The Defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the Defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the

Defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration & Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against the Defendant.

No provision of this agreement shall preclude the Defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the Defendant received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between the Defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: *[signature]*

MARK J. PESCE
Assistant United States Attorney

APPROVED:

*[signature]*

MEREDITH J. WILLIAMS
Chief, OCDETF/Narcotics

7

I have received this letter from my attorney, Joel Cohen, Esq. I have read it and/or it has been translated for me. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 12/3/2021
Da Ying Sze, a/k/a "David"

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 12/5/2021
Joel Cohen, Esq

8

Plea Agreement with Da Ying Sze

Schedule A

1.      This Office and Da Ying Sze, a/k/a "David" ("Sze" or the "Defendant") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and the Defendant nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence the Defendant within the Guidelines range that results from the Agreed Total Guidelines Offense Level as defined below. This Office and the Defendant further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the Agreed Total Guidelines Offense Level as defined below.

2.      The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

Count One
(Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity)

3.      The offense in Count One involved approximately $653,321,729.53, which is more than $550 million, resulting in a base offense level of 38. See U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(P).

4.      Because the Defendant violated 18 U.S.C. § 1957, the offense level is increased by 1 level pursuant to U.S.S.G. § 2S1.1(b)(2)(A).

5.      Because U.S.S.G. § 2S1.1(a)(2) applies and the Defendant was in the business of laundering funds, the offense level is increased by 4 levels pursuant to U.S.S.G. § 2S1.1(b)(2)(C). Therefore, the total offense level for Count One is 43.

6.      However, the statutory maximum sentence for Count One is 120 months. Therefore, pursuant to U.S.S.G § 5G1.1(a), the Guideline sentence for Count One is 120 months.

Count Two
(Operating and Aiding and Abetting an Unlicensed Money Transmitting Business)

7.      The offense in Count Two involved approximately $653,321,729.53, which is more than $550 million, resulting in a base offense level of 38. See U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(P).

8.      Because U.S.S.G. § 2S1.1(a)(2) applies and the Defendant was in the business of laundering funds, the offense level is increased by 4 levels

9

pursuant to U.S.S.G. § 2S1.1(b)(2)(C). Therefore, the total offense level for Count Two is 42.

9. However, the statutory maximum sentence for Count Two is 60 months. Therefore, pursuant to U.S.S.G § 5G1.1(a), the Guideline sentence for Count Two is 60 months.

### Count Three
### (Bank Bribery)

10. The offense in Count Three involved an improper benefit to be conferred of approximately $3.73 million, which is more than $3.5 million but less than $9.5 million, resulting in a base offense level of 26. *See* U.S.S.G. §§ 2B4.1(b)(1) and 2B1.1(b)(1)(J).

11. No other specific offense characteristics apply. Therefore, the total offense level for Count Three is 26.

### Grouping and Miscellaneous

12. Pursuant to U.S.S.G. § 3D1.2, Counts One, Two, and Three group together. Pursuant to U.S.S.G. § 3D1.3(a), the highest offense level applies, so Count One governs.

13. Because the Defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, the offense level is increased by 4 levels pursuant to U.S.S.G. § 3B1.1(a).

14. As of the date of this letter, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the Defendant's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in the Defendant's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) the Defendant enters a plea pursuant to this agreement, (b) this Office in its discretion determines that the Defendant's acceptance of responsibility has continued through the date of sentencing and the Defendant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) the

Defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the Defendant is 44. However, the statutory maximum sentence for Count One, which governs, is 120 months. Therefore, pursuant to U.S.S.G § 5G1.1(a), the Guideline sentence is 120 months (the "Agreed Total Guidelines Offense Level").

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the Agreed Total Guidelines Offense Level is reasonable.

18. The Defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Agreed Total Guidelines Offense Level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the Agreed Total Guidelines Offense Level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude the Defendant from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the Defendant's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.