2022R00207/MJP/SD/ms
PHILIP R. SELLINGER
United States Attorney
By:  SARAH DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel.:  973-645-2740
sarah.devlin3@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| v. | : | Crim. No. 22-141 (ES) |
| DA YING SZE, | : | **NOTICE OF FORFEITURE** |
| Defendant. | : | <u>Electronically Filed</u> |

NOTICE IS HEREBY GIVEN that on February 22, 2022, in the above-captioned case, the United States District Court for the District of New Jersey entered a Consent and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) forfeiting the following property to the United States of America:

    a. $3,622,313.53 in cash, seized from Da Ying Sze and co-conspirators on or about May 7, 2021 in or around Queens, New York;

    b. $245,000 in official checks, which were seized from Da Ying Sze on or about May 7, 2021 in or around Queens, New York;

    c. $24,854.87 in money orders, which were seized from Da Ying Sze on or about May 7, 2021 in or around Queens, New York;

d.      One white 2015 Lexus LX 570, which was seized from Da Ying Sze on or about May 7, 2021 in or around Queens, New York; and

e.      The following funds:

    i.      $325,029.45 seized from Bank of America account number ending in 2798, held in the name of Mei Sewing Corporation;

    ii.      $160,348.96 seized from Royal Business Bank account number ending in 2321, held in the name of Asia Sewing Corporation;

    iii.      $416,889 seized from Royal Business Bank account number ending in 7326, held in the name of Fai Trading NYC Corporation;

    iv.      $41,246.60 seized from Amerasia Bank account number ending in 0782, held in the name of Yufeng Gao;

    v.      $69,608.36 seized from Amerasia Bank account number ending in 5384, held in the name of Broadway Fashion USA Corporation;

    vi.      $136,103.90 seized from Amerasia Bank account number ending in 2253, Mei Sewing Corporation and Xiumei Lin;

    vii.      $220,997.10 seized from Citibank account number ending in 8007, held in the name of Yufeng Gao;

    viii.      $235,428.80 seized from Citibank account number ending in 3816, held in the name of Yunqin Liu;

    ix.      $1,022.35 seized from Citibank account number ending in 3824, held in the name of Yunqin Lin;

    x.      $53,780 seized from Citibank account number ending in 8424, held in the name of Fai Ngai;

    xi.      $3,200.24 seized from Citibank account number ending in 8432, held in the name of Fai Ngai;

2

xii.   $105,164.41 seized from JP Morgan Chase account number ending in 0106, held in the name of Mei GoGo Trading Corporation;

xiii.   $164,957.02 seized from Capital One Bank account number ending in 3333, held in the name of Broadway Fashion USA Corporation; and

xiv.   $191,110.94 seized from Capital One Bank account number ending in 5528, held in the name of Fair Trading NYC Corporation.

YOU ARE HEREBY NOTIFIED that the United States intends to dispose of this property as provided by law.

Any person, other than the defendant, claiming a legal right, title, or interest in any of the property described above must petition the United States District Court for the District of New Jersey for a hearing to adjudicate the validity of the petitioner's alleged legal interest in this property.

If direct notice of the forfeiture is or was provided to the petitioner, the petition must be filed with the United States District Court for the District of New Jersey no later than thirty-five (35) days from the date of mailing of direct notice.  If direct notice is not provided to the petitioner, the petition must be filed with the United States District Court for the District of New Jersey within sixty (60) days from the first day of publication of notice on the government internet site www.forfeiture.gov, pursuant to 21 U.S.C. § 853(n)(2),[1] Rule

---

[1] The procedures governing criminal forfeitures set forth in 21 U.S.C. § 853 (except for 21 U.S.C. § 853(d)) are incorporated by reference in this case, pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. § 982(b)(1), and/or 18 U.S.C. § 2253(b).

32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  If a hearing is requested, it shall be held before the Court alone, without a jury.

Pursuant to 21 U.S.C. § 853(n)(3), the petition must be signed by the petitioner under penalty of perjury; shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property; the time and circumstances of the petitioner's acquisition of the right, title or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

Pursuant to 21 U.S.C. § 853(n)(2), neither the defendant in the above-styled case nor his or her agent is entitled to file a petition.

The petition shall be filed with the Clerk of the Court, United States District Court, District of New Jersey, Martin Luther King Federal Building and U.S. Courthouse, 50 Walnut Street, Room 4105, Newark, New Jersey 07102, with a copy sent to the Assistant United States Attorney indicated on the top of page 1 of this Notice, United States Attorney's Office, District of New Jersey, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Pursuant to 21 U.S.C. § 853(n)(4), any hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty (30) days of filing of the petition.  The court may consolidate the hearing on the petition with any other hearings requested on any other petitions filed by any other person other than the defendant named above.

Pursuant to 21 U.S.C. § 853(n)(5), at the hearing, you have the right to testify and present evidence and witnesses on your own behalf and cross-examine witnesses who appear at the hearing.  The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing.  In addition to testimony and evidence presented at the hearing, the Court shall consider the relevant portions of the record of the criminal case which resulted in the entry of the Preliminary Order of Forfeiture.

Pursuant to 21 U.S.C. § 853(n)(6), if, after the hearing, the Court determines that the petitioner has established by a preponderance of the evidence that:  (a) the petitioner has a legal right, title or interest in the property, and such right, title or interest renders the Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (b) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture; the Court shall amend the Preliminary Order of Forfeiture in accordance with its determination.

**IF YOU FAIL TO FILE A PETITION** to assert any right, title or interest you may have in the above-described property within the time period set forth on page 2 of this Notice, any right, title or interest you may have had in the

property described in this Notice shall be lost and forfeited to the United

States. Following the disposition of any other petitions that may be filed, the

United States then shall have clear title to the property herein described and

may warrant good title to any subsequent purchaser or transferee.

DATED this 16th day of May, 2022.


PHILIP R. SELLINGER
United States Attorney


s/ *Sarah Devlin*
By:    SARAH DEVLIN
Assistant United States Attorney