UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DA YING SZE,<br><br>　　　　Defendant. | Hon. Esther Salas<br>Crim. No. 22-141 (ES)<br><br>**PETITION FOR ANCILLARY<br>PROCEEDING OF HUI JIANG** |

　　　Hui Jiang ("Petitioner"), by and through her counsel, Matthew T. Eyet, Esq., petitions this Court for an ancillary hearing pursuant to Title 21, United States Code, Section 853(n) and asserts her interest as an innocent third party with respect to certain property that has been ordered forfeited to the United States in the above-captioned case (this "Action") as follows:

　　　1.　　Petitioner is an individual residing in the State of South Carolina.

　　　2.　　Petitioner asserts an interest in the disposition of the funds represented by the negotiable checks attached as Exhibit A and listed in the table below (the "Subject Checks"), which interest was acquired as set forth in the table:

| Financial Institution | Check Number | Check Date | Check Sum | Basis For Ownership Interest |
|---|---|---|---|---|
| Amerasia Bank | 3811 | 05-04-2021 | $50,000 | Named Payee |
| Amerasia Bank | 3812 | 05-05-2021 | $50,000 | Named Payee |

　　　3.　　Defendant Da Ying Sze ("Defendant") and/or his business partner, Gao Yu Feng, drafted the Subject Checks in or about May of 2021 from a financial account that was ultimately frozen pursuant to this Action.

　　　4.　　Defendant's financial account was ultimately frozen before the Subject Checks had yet been negotiated.

5.     Petitioner therefore asserts an interest in the disposition of the funds located in Defendant's financial accounts (or that were located in such accounts prior to their forfeiture to the United States) to the extent they represent the funds that were to be disbursed pursuant to the Subject Checks.

6.     Petitioner asserts that, pursuant to 21 U.S.C. § 853(n)(6), she has a legal right, title, or interest in those funds, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in Petitioner rather than Defendant at the time the Subject Checks were duly drafted and transferred at the time of commission of the acts that gave rise to the forfeiture of those funds, because she was entitled to withdraw those funds upon accepting the Subject Checks and was at that time reasonably without cause to believe that the property was subject to forfeiture, and/or because the government cannot establish that those funds were the proceeds of or traceable to the proceeds of the conduct of conviction.

7.     Accordingly, Petitioner seeks relief from this Court's Consent and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) filed February 22, 2022, and Notice of Forfeiture, filed May 16, 2022, and hereby requests that this Court hold a hearing ancillary to the criminal conviction of Defendant at which Petitioner may present evidence and witnesses on her own behalf pursuant to 21 U.S.C. § 853(n)(5), and further that this Court amend the Consent and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) filed February 22, 2022, and Notice of Forfeiture, filed May 16, 2022, to recognize the ownership interest of Petitioner as set forth herein.

DATED:  October 18, 2022                              Respectfully Submitted,

                                                                              *s/ Matthew Eyet*
                                                                              Matthew T. Eyet, Esq.

382 George Street<br>
New Brunswick, NJ 08901<br>
Phone: (732) 379-8617<br>
Fax: (908) 292-1108

**Attorneys for Petitioners**
**Hui Jiang**

## Oath

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 18, 2022.

New York, New York

*s/ Hui Jiang*
Hui Jiang
Petitioner