UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas, U.S.D.J. |
| v. | : | Crim. No. 22-141 |
| DA YING SZE, | : | |
| Defendant. | : | |

---

## PETITIONERS' OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS

---

EYET LAW LLC
By: Matthew T. Eyet, Esq.
382 George Street
New Brunswick, NJ 08901
(732) 379-8617
MEyet@Eyetlaw.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL HISTORY..................................................................................................... 2

    A.    The Arrest and Criminal Conviction................................................................... 2

    B.    The Criminal Forfeiture Ancillary Proceeding ................................................. 2

ARGUMENT ........................................................................................................................ 5

    A.    Standard Of Law ................................................................................................. 5

    B.    There Remains At Least A Triable Question of Fact Whether Petitioners Have Standing Because The Funds In Question Can Be Traced From Petitioners To Defendant And Because Defendant Held Those Funds In Trust For Petitioners........................................ 6

    C.    The Petitions Are Not Time-Barred Because They Were Made Within The Time Set By The Court And The Government Is Not Prejudiced ........................................................ 10

CONCLUSION.................................................................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**

Beatty v Guggenheim Expl. Co.,
225 NY 380 (1919) …………………………………………………………………………….9

Bankers Sec. Life Ins. Soc'y v Shakerdge,
49 N.Y.2d 939 (1980) …………………………………………………………………….…9

Fed. Ins. Co. v United States,
882 F.3d 348 (2d Cir. 2018) ……………………………………………………..6, 9, 10

Freeman v Mar. Midland Bank-New York,
494 F.2d 1334 (2d Cir. 1974) ………………………………………………………………..3

In re Koreag, Controle et Revision S.A.,
961 F.2d 341 (2d Cir. 1992), affd in part sub nom. Refco F/X Assoc., Inc. v Mebco Bank, S.A.,
1992 WL 200748 (S.D.N.Y. 1992) …………………………………………………………….9

Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v Razzouk,
2018 WL 4210137 (E.D.N.Y. 2018) ………………………………………………………….10

Pacheco v Serendensky,
393 F.3d 348 (2d Cir. 2004) …………………………………………………………………5, 8

Pasternack v Shrader,
863 F.3d 162, 175 (2d Cir. 2017) ……………………………………………………………5

Tancredi v Metro. Life Ins. Co.,
378 F.3d 220 (2d Cir. 2004) …………………………………………………………………11

United States v $2,350,000.00 In Lieu of One Parcel of Property Located at 895 Lake Ave.
Greenwich, Connecticut,
718 F. Supp.2d 215 (D. Conn 2010) ……………………………………………………...7, 8

United States v $822,694.81 in United States Currency, Seized From Account No.
XXXXXXXXXXXX, Held in Names of Godwin Ezeemo and Winifred C.N. Ezeemo, at Bank of
Am.,
2015 WL 13765353 (D Conn 2015) ……………………………………………………...8

United States v Egan,
811 F. Supp.2d 829 (S.D.N.Y. 2011) …………………………………………………… 5

United States v Lacoff,

446 Fed Appx 311 (2d Cir. 2011) …………………………………………………………………...8

United States v Ovid,
2012 WL 2087084 (E.D.N.Y 2012) …………………………………………………………2, 8

United States v Ribadeneira,
105 F.3d 833 (2d Cir. 1997) …………………………………………………………………7, 9

United States v Schwimmer,
968 F.2d 1570 (2d Cir. 1992) …………………………………………………………………..6

United States v Sharma,
2022 WL 1910026 (S.D.N.Y. 2022) …………………………………………………...……5

United States v Vilar,
2021 WL 4504699 (S.D.N.Y. 2021) …………………………………………………………6, 8, 10

Willis Mgt. (Vermont), Ltd. v United States,
652 F.3d 236 (2d Cir. 2011) …………………………………………………………………6, 7, 9

**Rules**

Federal Rules of Criminal Procedure
  Rule 32.2………………………………………………………………………………… 2, 3

**Statutes**

21 U.S.C. § 853 …………………………………………………………………………3, 5, 7, 8, 9

18 U.S.C. § 982 …………………………………………………………………………………...2

Petitioners Chi T Cheung, Shi Chun Lin, Qi Fang Chen, Yongning Wang, Hui Jiang, Wei Guang Wang, Zhi Hong Chen, Xiu Yu Jiang, Na Na Wang, Jing Ping Lin, and Mao Qing Chen[1] (jointly, the "Petitioners"), by and through their attorneys Eyet Law LLC, respectfully submit this memorandum of law in opposition to the motion to dismiss (the "Motion to Dismiss") their petitions (jointly the "Petitions") made by the United States of America (the "Government").[2]

## PRELIMINARY STATEMENT

This proceeding is a straightforward example of misguided individuals, unsophisticated with how financial transactions are supposed to be conducted in America, who trusted the advice of those they believed to be respectable businessmen in their community—only to be hung out to dry when it was discovered those businessmen did not have the proper licenses and their money transferring business was illegal. However, in this case Petitioners' hard-earned savings did not disappear but were seized by the Government, which has a system in place for returning such assets to their rightful owners.

Petitioners meet the requirements for the return of those assets because it was their money that was delivered to the defendant Da Ying Sze ("Defendant")—from whom it was seized—and because Defendant was holding that money on behalf of the Petitioners who remained entitled to it. In fact, the Government's own Motion to Dismiss shows this to be true—the subject funds were forfeited as relating to an "unlicensed money *transmitting* business." See Motion to Dismiss at p. 1 (emphasis added). Those funds were always intended to be returned to Petitioners as indicated by the checks attached to each Petition (the "Checks"), drafted by Defendant and payable to the

---

[1] As set forth in greater detail below, certain of the Petitions are based on the same underlying Checks as portions of the Petition of Yongning Wang ("Wang"). Petitioners request those portions of Wang's Petition be deemed superseded by these newer Petitions, but do not oppose dismissing any portions of Wang's Petition that have not been superseded.

[2] Capitalized terms not otherwise defined herein are used as defined in the Motion to Dismiss.

Petitioners. A party transmitting assets on behalf of another does not, as a matter of definition, own those assets himself, regardless of the status of his licensing or any other criminal activity.

Those funds can then be traced from the Petitioners to Defendant's bank accounts from where they were seized, and each Petitioner only seeks the return of the funds Defendant was meant to transmit for each Petitioner, represented by the Checks to each Petitioner.

<b>PROCEDURAL HISTORY</b>

### A. The Arrest and Criminal Conviction

On May 10, 2021, Defendant was arrested and charged with various financial crimes. See 22-cr-141, United States v Da Ying Sze, Document Number ("Doc. No.") 1.[3]

Defendant pleaded guilty on or about February 22, 2022, to conspiracy to engage in monetary transactions in property derived from specified unlawful activity, contrary to 18 U.S.C. § 1957(a), in violation of 18 U.S.C. § 1956(h) (Count One); operation and aiding and abetting the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B), and (b)(1)(C) (Count Two); and bribery of bank employees, in violation of 18 U.S.C. § 215(a)(1) (Count Three). See Doc. Nos. 77 & 80.

### B. The Criminal Forfeiture Ancillary Proceeding

Also on or about February 22, 2022, pursuant to the terms of Defendant's plea, Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 982(a)(1), the Court entered a Consent and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) (the "Preliminary Order of Forfeiture"), providing for the forfeiture of the various assets held by Defendant as cash held in financial accounts, as hard currency, and as cash

---

[3] Subsequent citations to docket entries are to entries in this proceeding unless otherwise indicated.

equivalents such as negotiable instruments.[4] Some of the forfeited funds were represented by various checks (the "Checks") written by Defendant to various third parties (including each Petitioner).

Pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, on May 16, 2022, a Notice of Forfeiture was filed with the Court, which attached the Preliminary Order of Forfeiture and explained the procedures for asserting a legal right, title, or interest in the Specific Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. See Doc. No. 84.

On or about August 9, 2022, copies of the Preliminary Order of Forfeiture and the Notice of Forfeiture were sent to Qiufang Chen, Shichun Lin, Wei Guang Wang, Xuedong Chen, Chi Tung Cheung, Wenjie Ye, Yongning Wang, Heng Liu, Gui Qin Lin, Hui Jiang, Mao Qing Chen, Yandi Li, Na Wang, Zhihong Chen, Jing Ping Lin, and Xiuyu Jiang by Federal Express. See Motion to Dismiss at p. 7. The cover letters to the notice listed the deadline to file a petition as September 13, 2022. Id.

The published notice explained that any person asserting a legal interest in the Specific Property was required to file a petition with the Court within 60 days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear title to the forfeited property.

On September 12, 2022, counsel for Petitioners filed a letter with the Court requesting an extension of two weeks until September 26, 2022 to file petitions with the Court, noting that that numerous possible claimants had reached out to counsel shortly before the deadline to file petitions

---

[4] Together with a car as the single non-cash asset.

in this proceeding. See Doc. No. 85. Specifically, counsel requested additional time to perform due diligence as to "(1) which individuals should properly assert ownership of the funds in question, and (2) the extent of the funds over which they can substantiate their claims," and that for some possible claimants it was possible the correct claimant would be someone other than the named payees on the Checks indicating the subject assets. Id. Counsel noted that this was complicated due to "significant language barriers" with the potential claimants (and now, Petitioners).

Three of the Petitions were filed on September 13, 2022, the apparent last day to do so as the Court Order granting the extension request had not yet been entered.[5] See Doc. Nos. 86-88. While the first two Petitions were made by the named payees on the underlying Checks, Wang's Petition was made by an alternative party submitting an alternative theory of interest in the funds represented by the underlying Checks.[6]

The Court held a telephone status conference in this matter on October 4, 2022, wherein the Court instructed Petitioners' counsel to file substituted petitions on or before October 18, 2022. Doc. No. 90. On October 18, 2022, seven additional Petitions (the "Substitute Petitions") were filed with the Court on behalf of the following named payees on the Checks originally filed by Wang: (1) Hui Jiang; (2) Wei Guang Wang; (3) Zhi Hong Chen; (4) Xiu Yu Jiang; (5) Na Na Wang; (6) Jing Ping Lin; and (7) Mao Qing Chen. See Doc. Nos. 91-97.

At this stage, no discovery or evidentiary hearing has been conducted.

---

[5] The request was granted in an Order dated September 13, 2022 and entered on September 14, 2022. See Doc. 89.

[6] This substitution to the Checks' named payees was made without any admission as to the sufficiency of Wang's subrogation theory of interest in the funds represented by the underlying Checks.