

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*      *973-645-2700*
*Newark, New Jersey 07102*

August 27, 2024

Honorable Esther Salas, U.S.D.J.
Martin Luther King, Jr., Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:   <u>United States v. Da Ying Sze</u>
             Criminal No. 20-168 (WJM)

Dear Judge Salas:

     The Government respectfully requests that the Court enter a Final Order of Forfeiture in the above-referenced case.

     By way of background, on or about February 22, 2022, the Court entered a Consent and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) (the "Preliminary Order").  *See* ECF No. 82. The Preliminary Order forfeited to the United States all of defendant Da Ying Sze's right, title, and interest in the various assets (the "Specific Property") subject to forfeiture as a result of Sze's criminal convictions.

     On or about September 13, 2022, third party-petitioners Chi T Cheung, Shi Chun Lin, Qi Fang Chen, and Yongning Wang, filed petitions asserting an interest in the Specific Property, pursuant to 21 U.S.C. § 853(n). *See* ECF Nos. 86-88. On or about October 18, 2022, third-party petitioners Hui Jiang, Wei Guang Wang, Zhi Hong Chen, Xiu Yu Jiang, Na Na Wang, Jing Ping Lin, and Mao Qing Chen (together with the September 13 petitioners, hereinafter collectively referred to as the "Petitioners") filed petitions asserting an interesting in the Specific Property, pursuant to 21 U.S.C. § 853(n). *See* ECF Nos. 91-97.

On or about January 18, 2024, and upon the Government's motion, the Court dismissed Petitioners petitions *with prejudice. See* ECF No. 109, Opinion, and ECF No. 110, Order.

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in relevant part, "When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). Similarly, 21 U.S.C. § 853(n)(7) provides, "Following the court's disposition of all petitions filed under this subsection, … the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

The Court has dismissed all of the petitions that were filed in the ancillary proceeding. Accordingly, this matter is ripe for the entry of a Final Order of Forfeiture. The Government respectfully encloses a proposed Final Order of Forfeiture (As To Specific Property) for the Court's review and signature.

    Respectfully submitted,

    PHILIP R. SELLINGER
    United States Attorney

    *s/ Peter A. Laserna*
    By: PETER A. LASERNA
    Assistant United States Attorney

Enclosure