2022R00207/MJP/PAL/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas, U.S.D.J. |
| v. | : | Crim. No. 22-141 |
| DA YING SZE, | : | FINAL ORDER OF FORFEITURE |
| | | (AS TO SPECIFIC PROPERTY) |
| Defendant. | : | |

On February 22, 2022, pursuant to a plea agreement with the United States, defendant DA YING SZE (the "defendant") pleaded guilty to a three-count Information (the "Information) charging him with (i) conspiracy to engage in monetary transactions in property derived from specified unlawful activity, contrary to 18 U.S.C. § 1957, in violation of 18 U.S.C. §§ 1956(h) and 2 (Count One), (ii) operating and aiding and abetting the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), 1960(b)(1)(A), 1960(b)(1)(B), 1960(b)(1)(C), and 2 (Count Two), and (iii) bribery of bank employees, in violation of 18 U.S.C. § 215(a)(1) (Count Three).  In the plea agreement, the defendant agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the offenses charged in Counts One and Two of the Information.

On or about February 22, 2022, the Court entered a Consent and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) (the "Preliminary Order").  *See* ECF No. 82.

Pursuant to the plea agreement, and pursuant to 18 U.S.C. § 982(a)(1)

and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the Preliminary Order forfeited to the United States all of the defendant's right, title, and interest in the following properties (the "Specific Property"):

a.  $3,622,313.53 in cash, seized from Da Ying Sze and co-conspirators on or about May 7, 2021 in or around Queens, New York;

b.  $245,000 in official checks, which were seized from Da Ying Sze on or about May 7, 2021 in or around Queens, New York;

c.  $24,854.87 in money orders, which were seized from Da Ying Sze on or about May 7, 2021 in or around Queens, New York;

d.  One white 2015 Lexus LX 570, which was seized from Da Ying Sze on or about May 7, 2021 in or around Queens, New York; and

e.  The following funds:

    1.  $325,029.45 seized from Bank of America account number ending in 2798, held in the name of Mei Sewing Corporation;

    2.  $160,348.96 seized from Royal Business Bank account number ending in 2321, held in the name of Asia Sewing Corporation;

    3.  $416,889 seized from Royal Business Bank account number ending in 7326, held in the name of Fai Trading NYC Corporation;

    4.  $41,246.60 seized from Amerasia Bank account number ending in 0782, held in the name of Yufeng Gao;

    5.  $69,608.36 seized from Amerasia Bank account number ending in 5384, held in the name of Broadway Fashion USA Corporation;

6.    $136,103.90 seized from Amerasia Bank account number ending in 2253, Mei Sewing Corporation and Xiumei Lin;

7.    $220,997.10 seized from Citibank account number ending in 8007, held in the name of Yufeng Gao;

8.    $235,428.80 seized from Citibank account number ending in 3816, held in the name of Yunqin Liu;

9.    $1,022.35 seized from Citibank account number ending in 3824, held in the name of Yunqin Lin;

10.    $53,780 seized from Citibank account number ending in 8424, held in the name of Fai Ngai;

11.    $3,200.24 seized from Citibank account number ending in 8432, held in the name of Fai Ngai;

12.    $105,164.41 seized from JP Morgan Chase account number ending in 0106, held in the name of Mei GoGo Trading Corporation;

13.    $164,957.02 seized from Capital One Bank account number ending in 3333, held in the name of Broadway Fashion USA Corporation; and

14.    $191,110.94 seized from Capital One Bank account number ending in 5528, held in the name of Fair Trading NYC Corporation.

The defendant admitted the Specific Property had the requisite nexus to the offenses charged in Counts One and Two of the Information to which the defendant pleaded guilty.

On or about May 16, 2022, the United States filed a Notice of Forfeiture (ECF No. 84) with the Court, which explained the procedures for asserting a legal right, title or interest in the Specific Property pursuant to 21 U.S.C. §

853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

The provisions of 21 U.S.C. § 853(n) (as incorporated by U.S.C. § 982(b)) and Rule 32.2(b) of the Federal Rules of Criminal Procedure require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under Section 853(n) before the United States may have clear title to such property.

The United States has advised that it sent direct notice to persons who reasonably appeared to be potential claimants with standing to contest the forfeiture in the ancillary proceeding, as required by Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1). *See* ECF No. 104-1, Declaration of AUSA Sarah Devlin.

Pursuant to 21 U.S.C. § 853(n)(1), a Notice of Forfeiture with respect to the Specific Property was posted on an official government internet site, namely www.forfeiture.gov, beginning on April 5, 2022, and running for 30 consecutive days through May 4, 2022, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Proof of publication was filed with the Court on or about November 7, 2022. *See* ECF No. 103.

The published notice explained that any person asserting a legal interest in the Specific Property was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear

title to the Specific Property, in accordance with Supplemental Rule G(5)(a)(ii)(B).

On or about September 13, 2022, third party-petitioners Chi T Cheung, Shi Chun Lin, Qi Fang Chen, and Yongning Wang, filed petitions asserting an interest in the Specific Property, pursuant to 21 U.S.C. § 853(n). *See* ECF Nos. 86-88.

On or about October 18, 2022, third-party petitioners Hui Jiang, Wei Guang Wang, Zhi Hong Chen, Xiu Yu Jiang, Na Na Wang, Jing Ping Lin, and Mao Qing Chen (together with the September 13 petitioners, hereinafter collectively referred to as the "Petitioners") filed petitions asserting an interesting in the Specific Property, pursuant to 21 U.S.C. § 853(n). *See* ECF Nos. 91-97.

The United States filed a Motion to Dismiss the Third-Party Petitions for Lack of Standing, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1)(A). *See* ECF No. 104. Petitioners filed an Opposition to the Government's Motion to Dismiss. *See* ECF Nos. 105 and 106. The United States filed a reply brief in further support of the motion to dismiss. *See* ECF No. 108.

On January 18, 2024, the Court issued an Order (ECF No. 110) granting the United States' motion to dismiss Petitioners' petitions and dismissing the petitions *with prejudice.* An Opinion setting forth the basis for the Court's dismissal was also filed on January 18, 2024. ECF No. 109.

Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all

third-party petitions filed under 21 U.S.C. § 853(n), the United States shall have clear title to any forfeited property.

The Court has dismissed the only third-party petitions that were brought in this case, *i.e.*, the petitions filed by Petitioners (ECF Nos. 86-88 and 91-97).

Pursuant to 21 U.S.C. § 853(n)(7), the United States is therefore entitled to have clear title to the Specific Property and to warrant good title to any subsequent purchaser or transferee.

NOW, THEREFORE, on the application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Peter A. Laserna, Assistant United States Attorney, appearing),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title, and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law.

2.    The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

ORDERED this 10th day of September , 2024.

_____
HON. ESTHER SALAS
UNITED STATES DISTRICT JUDGE